William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, NJ 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited,*
*Bausch Health US, LLC,*
*and Bausch Health Americas, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH HEALTH IRELAND LIMITED, BAUSCH HEALTH US, LLC, and BAUSCH HEALTH AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC. and ZYDUS LIFESCIENCES LIMITED, <br><br> Defendants. | Civil Action No. 26-3803 |

**COMPLAINT**

Plaintiffs Bausch Health Ireland Limited ("BIRL"), Bausch Health US, LLC ("BHUS"), and Bausch Health Americas, Inc. ("BHA") (collectively, "Bausch Health") by way of complaint against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Zydus Lifesciences Limited ("Zydus Lifesciences") (collectively, "Zydus") allege, on knowledge as to their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of U.S. Patent Nos. 11,389,467 ("the '467 Patent"), 12,128,059 ("the '059 Patent"), 12,133,859 ("the '859 Patent"), and 12,138,278 ("the '278 Patent") (collectively, the "Asserted Patents") pursuant to the Patent Laws of the U.S., 35 U.S.C. § 100 et seq., including §§ 271 and 281, and for an order declaring infringement under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      This action arises from the submission of an Abbreviated New Drug Application ("ANDA") by Zydus, namely ANDA No. 220161 (the "Zydus ANDA"), under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, market, offer to sell, sell, and/or import their generic version of CABTREO® (clindamycin phosphate, adapalene, and benzoyl peroxide (1.2%/0.15%/3.1%) topical gel), hereafter the "Zydus ANDA Product" in the U.S. prior to the expiration of the Asserted Patents.

## PARTIES

3.       BIRL is a corporation organized and existing under the laws of Ireland located at 3013 Lake Drive, Citywest Business Campus, Dublin D24 PPT3, Ireland.

4.      BHUS is a corporation organized and existing under the laws of Delaware with a principal place of business and corporate headquarters located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

5.      BHA is a corporation organized and existing under the laws of Delaware with a principal place of business and corporate headquarters located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

6.      Upon information and belief, Zydus USA is a corporation organized and existing

2

under the laws of New Jersey and having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

7.      Upon information and belief, Zydus Lifesciences is a corporation organized and existing under the laws of the Republic of India and having a principal place of business at Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, Ahmedabad, Gujarat, India, 382481.

8.      According to the Notice Letter, as defined below, Zydus USA is a wholly owned subsidiary of Zydus Lifesciences.

9.      Upon information and belief, Zydus Lifesciences and Zydus USA acted in concert to prepare and submit the Zydus ANDA to the FDA.

10.     Upon information and belief, Zydus knows and intend that, upon approval of the Zydus ANDA, Zydus Lifesciences (or another entity affiliated with Zydus Lifesciences) will manufacture the Zydus ANDA Product, and Zydus USA will directly or indirectly import the Zydus ANDA Product into the United States and market, sell, and distribute the Zydus ANDA Product throughout the United States, including in New Jersey. Upon information and belief, Zydus USA acts as Zydus Lifesciences's agent in the United States, including with respect to the filing of the Zydus ANDA and the marketing, sale, and distribution of the Zydus ANDA Product in the United States. Upon information and belief, Zydus Lifesciences and Zydus USA participated with one another, assisted one another, and cooperated with one another in carrying out the acts complained of herein.

11.     Upon information and belief, following any FDA approval of the Zydus ANDA, Zydus Lifesciences and Zydus USA will act in concert to distribute and sell the Zydus ANDA Product throughout the United States, including within New Jersey.

## JURISDICTION AND VENUE

12. Bausch Health incorporates each of the preceding paragraphs as if fully set forth herein.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

14. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Zydus USA.

15. Upon information and belief, Zydus USA has a principal place of business in New Jersey.

16. Upon information and belief, Zydus USA assisted Zydus Lifesciences in preparing the Zydus ANDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") in New Jersey, where Zydus USA is located.

17. Upon information and belief, Zydus USA is in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic versions of branded pharmaceutical products throughout the United States, including in New Jersey, through its own actions and/or through the actions of its agents and affiliates, including Zydus Lifesciences, from which Zydus USA derives a substantial portion of its revenue.

18. Upon information and belief, Zydus USA, through its own actions and/or through the actions of its agents and affiliates, including Zydus Lifesciences, has engaged in the research and development, and the preparation and filing, of the Zydus ANDA; and, continues to engage in seeking FDA approval of the Zydus ANDA.

19. Upon information and belief, upon approval of the Zydus ANDA, Zydus USA will market, distribute, offer for sale, sell, and/or import the Zydus ANDA Product in the United States,

including in New Jersey, and will derive substantial revenue from the use or consumption of the Zydus ANDA Product in New Jersey.

20.     Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Zydus Lifesciences.

21.     Upon information and belief, Zydus Lifesciences prepared the Zydus ANDA or assisted Zydus USA in preparing the Zydus ANDA with a Paragraph IV certification.

22.     Upon information and belief, Zydus Lifesciences is in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic versions of branded pharmaceutical products throughout the United States, including in New Jersey, through its own actions and/or through the actions of its agents and subsidiaries, including Zydus USA, from which Zydus Lifesciences derives a substantial portion of its revenue.

23.     Upon information and belief, Zydus Lifesciences, through its own actions and/or through the actions of its agents and subsidiaries, including Zydus USA, has engaged in the research and development, and the preparation and filing, of the Zydus ANDA, and seeks FDA approval of the Zydus ANDA.

24.     Upon information and belief, upon approval of the Zydus ANDA, Zydus Lifesciences will through its own actions and/or through the actions of its agents and subsidiaries, including Zydus USA, market, distribute, offer for sale, sell, and/or import the Zydus ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Zydus ANDA Product in New Jersey.

5

25.    Venue is proper in this District as to Zydus USA pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Zydus USA maintains a principal place of business in New Jersey, is organized under the laws of and incorporated in New Jersey, and has committed, or will commit, an alleged act of infringement in this District.

26.    Venue is proper in this District as to Zydus Lifesciences pursuant to 28 U.S.C. § 1391, at least because, on information and belief, Zydus Lifesciences is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

27.    This Court also has personal jurisdiction and venue is proper in this District as to Zydus USA and Zydus Lifesciences because each of Zydus USA and Zydus Lifesciences: (1) engages in patent litigation concerning Zydus' generic versions of branded pharmaceutical products in this District, (2) does not contest personal jurisdiction in this District, and (3) purposefully avails itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this District. *See, e.g.*, *Supernus Pharmaceuticals, Inc. v. Zydus Lifesciences Global FZE et al*, Civ. No. 25-12188, ECF No. 14 (D.N.J. Sep. 22, 2025); *Aurinia Pharmaceuticals Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, Civ. No. 25-2893, ECF No. 12 (D.N.J. Jul. 8, 2025); *AstraZeneca Pharmaceuticals LP et al v. Zydus Pharmaceuticals (USA) Inc. et al*, Civ. No. 24-10629, ECF No. 11 (D.N.J. Dec. 19, 2024).

## THE CABTREO® NDA

28.    BHUS is the registered holder of New Drug Application ("NDA") No. 216632 for CABTREO® (clindamycin phosphate, adapalene, and benzoyl Peroxide (1.2%/0.15%/3.1%) topical gel). The FDA approved NDA No. 216632 for CABTREO® on October 20, 2023.

29.    The FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluation ("the Orange Book"). In accordance with 21 U.S.C. § 355(b)(1), the

Asserted Patents are listed in the Orange Book in connection with NDA No. 216632 as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" CABTREO®.

30.    CABTREO® is distributed by BHUS. The Asserted Patents are assigned to and owned by BIRL.

## THE ASSERTED PATENTS

31.    On July 19, 2022, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued the '467 Patent, titled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel. A true and correct copy of the '467 Patent is attached hereto as Exhibit A.

32.    On October 29, 2024, the USPTO duly and legally issued the '059 Patent, titled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel. A true and correct copy of the '059 Patent is attached hereto as Exhibit B.

33.    On November 5, 2024, the USPTO duly and legally issued the '859 Patent, titled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel. A true and correct copy of the '859 Patent is attached hereto as Exhibit C.

34.    On November 12, 2024, the USPTO duly and legally issued the '278 Patent, entitled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel. A true and correct copy of the '278 Patent is attached hereto as Exhibit D.

## ZYDUS' ANDA SUBMISSION

35.    Zydus submitted or caused to be submitted with the FDA the Zydus ANDA, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

36.    The Zydus ANDA seeks FDA approval to commercially manufacture, market,

import, use, sell and/or offer for sale in the U.S. the Zydus ANDA Product, which is specifically intended to be a generic version of Bausch Health's CABTREO® drug product.

37.     Bausch Health received a letter dated February 26, 2026, from Zydus, identified as a Notice of Paragraph IV Certification regarding the Zydus ANDA ("Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95.

38.     The Notice Letter claims Zydus Lifesciences included a certification in the Zydus ANDA, pursuant to 21 U.S.C § 355(j)(2)(A)(vii)(IV), and alleges the Asserted Patents, which are listed in the Orange Book, are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and/or sale of the Zydus ANDA Product.

39.     The Notice Letter claims the Zydus ANDA seeks approval to commercially manufacture, use, and/or sell the Zydus ANDA Product that is specifically intended to be a generic version of CABTREO®, which is the reference listed drug ("RLD") identified by Zydus.

40.     The Notice Letter claims the Zydus ANDA contains "data from bioavailability or bioequivalence studies," for the Zydus ANDA Product.

41.     The Zydus ANDA seeks approval of the Zydus ANDA Product that is the same, or substantially the same, as CABTREO®.

42.     The Notice Letter does not contest infringement of at least one claim of each of the Asserted Patents.

43.     Upon information and belief, at least one claim of each of the Asserted Patents is infringed by the submission of the Zydus ANDA to the FDA.

44.     Zydus had actual and constructive notice of the Asserted Patents prior to submitting the Zydus ANDA with the FDA because, *inter alia*: (i) Zydus collaborated in the research, development, preparation, and submission of the Zydus ANDA; (ii) the Notice Letter, includes, at

least, Zydus' identification of CABTREO® as the RLD; (iii) the FDA requirements for ANDA submissions put Zydus on notice; (iv) Zydus has expressed its desire to market a product equivalent to CABTREO®; and (v) Zydus' submission of bioequivalence data to the FDA represents that the Zydus ANDA Product contains the same active ingredients in the same dosages as CABTREO®.

45.     Bausch Health commenced this lawsuit within 45 days of the date they received the Notice Letter concerning the Zydus ANDA.

<u>**COUNT I**</u>

**Infringement of the '467 Patent**

46.     Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

47.     Zydus' Notice Letter does not contest infringement of at least one claim of the '467 Patent. For example,  Zydus' Notice Letter does not contest infringement of claims 1-8, and 10-21 of the '467 Patent.

48.     Under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of the '467 Patent by submitting the Zydus ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of the Zydus ANDA Product prior to the expiration of the '467 Patent.

49.     Zydus' commercial manufacture, importation, use, sale, and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '467 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '467 Patent.

50.     If Zydus' marketing, manufacturing, offering to sell and sale of the Zydus ANDA Product prior to the expiration of the '467 Patent is not enjoined, Bausch Health will suffer substantial and irreparable harm for which there is no adequate remedy at law.

9

## COUNT II

### Declaratory Judgment of Infringement of the '467 Patent

51. Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

52. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Bausch Health and Zydus regarding infringement of the '467 Patent under 35 U.S.C. §§ 271(a)-(c), such that the Court may entertain Bausch Health's request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

54. Upon information and belief, Zydus will launch the Zydus ANDA Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '467 Patent. The mean approval time by the FDA for ANDA applications is about 36 months and median is about 26 months. Therefore, there is sufficient immediacy to justify a declaration of infringement of the '467 Patent.

55. Upon information and belief, Zydus has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Zydus ANDA Product before the expiration date of the '467 Patent, including Zydus' submission of the Zydus ANDA.

56. Any commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '467 Patent.

57.     Bausch Health is entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will constitute infringement of at least one claim of the '467 Patent.

## COUNT III

### Infringement of the '059 Patent

58.     Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

59.     Zydus' Notice Letter does not contest infringement of at least one claim of the '059 Patent. For example, Zydus' Notice Letter does not contest infringement of claims 1-8 and 10-19 of the '059 Patent.

60.     Under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of the '059 Patent by submitting the Zydus ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of the Zydus ANDA Product prior to the expiration of the '059 Patent.

61.     Zydus' commercial manufacture, importation, use, sale, and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '059 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '059 Patent.

62.     If Zydus' marketing, manufacturing, offering to sell and sale of the Zydus ANDA Product prior to the expiration of the '059 Patent is not enjoined, Bausch Health will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### Declaratory Judgment of Infringement of the '059 Patent

63.     Bausch Health realleges and incorporates by reference the allegations contained in

11

the preceding paragraphs.

64. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

65. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Bausch Health and Zydus regarding infringement of the '059 Patent under 35 U.S.C. §§ 271(a)-(c), such that the Court may entertain Bausch Health's request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

66. Zydus will launch the Zydus ANDA Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '059 Patent. The mean approval time by the FDA for ANDA applications is about 36 months and median is about 26 months. Therefore, there is sufficient immediacy to justify a declaration of infringement of the '059 Patent.

67. Zydus has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Zydus ANDA Product before the expiration date of the '059 Patent, including Zydus' submission of the Zydus ANDA.

68. Any commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '059 Patent.

69. Bausch Health is entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will constitute infringement of at least one claim of the '059 Patent.

## COUNT V

### Infringement of the '859 Patent

70.    Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

71.    Zydus' Notice Letter does not contest infringement of at least one claim of '859 Patent. For example, Zydus' Notice Letter does not contest infringement of claims 1-20 of the '859 Patent.

72.    Under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of the '859 Patent by submitting the Zydus ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of the Zydus ANDA Product prior to the expiration of the '859 Patent.

73.    Zydus' commercial manufacture, importation, use, sale, and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '859 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '859 Patent.

74.    If Zydus' marketing, manufacturing, offering to sell and sale of the Zydus ANDA Product prior to the expiration of the '859 Patent is not enjoined, Bausch Health will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI

### Declaratory Judgment of Infringement of the '859 Patent

75.    Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

76.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

77.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Bausch Health and Zydus under 35 U.S.C. § 271(a)-(c), regarding infringement of the '859 Patent such that the Court may entertain Bausch Health's request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

78.    Zydus will launch the Zydus ANDA Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '859 Patent. The mean approval time by the FDA for ANDA applications is about 36 months and median is about 26 months. Therefore, there is sufficient immediacy to justify a declaration of infringement of the '859 Patent.

79.    Zydus has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Zydus ANDA Product before the expiration date of the '859 Patent, including Zydus' submission of the Zydus ANDA.

80.    Any commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '859 Patent.

81.    Bausch Health is entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will constitute infringement of at least one claim of the '859 Patent.

**COUNT VII**

**Infringement of the '278 Patent**

82.    Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

14

83. Zydus' Notice Letter does not contest infringement of at least one claim of the '278 Patent. For example, Zydus' Notice Letter does not contest infringement of claims 1-20 of the '278 Patent.

84. Under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of the '278 Patent by submitting the Zydus ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of the Zydus ANDA Product prior to the expiration of the '278 Patent.

85. Zydus' commercial manufacture, importation, use, sale, and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '278 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '278 Patent.

86. If Zydus' marketing, manufacturing, offering to sell and sale of the Zydus ANDA Product prior to the expiration of the '278 Patent is not enjoined, Bausch Health will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VIII

**Declaratory Judgment of Infringement of the '278 Patent**

87. Bausch Health realleges and incorporates by reference the allegations contained in the preceding paragraphs.

88. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

89. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Bausch Health and Zydus under 35 U.S.C. § 271(a)-(c), regarding infringement of the '278 Patent such that the Court may entertain Bausch Health's request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case

or controversy requires a declaration of rights by this Court.

90. Zydus will launch the Zydus ANDA Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '278 Patent. The mean approval time by the FDA for ANDA applications is about 36 months and median is about 26 months. Therefore, there is sufficient immediacy to justify a declaration of infringement of the '278 Patent.

91. Zydus has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Zydus ANDA Product before the expiration date of the '278 Patent, including Zydus' submission of the Zydus ANDA.

92. Any commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '278 Patent.

93. Bausch Health is entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product will constitute infringement of at least one claim of the '278 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Bausch Health BIRL, BHUS, and BHA respectfully request the following relief:

    i. A judgment, under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of one of the Asserted Patents by submitting or causing to be submitted the Zydus ANDA to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the U.S. of the Zydus ANDA Product before the expiration of the Asserted Patents;

ii.   An order declaring Zydus' submission of the Zydus ANDA infringes at least one claim of one of the Asserted Patents;

iii.  An order declaring the commercial manufacture, use, importation, offer for sale, and/or sale of the Zydus ANDA Product infringes at least one claim of one of the Asserted Patents;

iv.   An order enjoining Zydus from the commercial manufacture, use, import, offer for sale, and/or sale of the Zydus ANDA Product until expiration of the Asserted Patents, or such later date as the Court may determine;

v.    An order enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining, or maintaining approval of the Zydus ANDA until expiration of the Asserted Patents;

vi.   An order that the effective date of any approval by the FDA of the Zydus ANDA Product be a date not earlier than the expiration of the Asserted Patents, or such later date as the Court may determine;

vii.  An order declaring this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Bausch Health costs, expenses, and disbursements in this action, including reasonable attorney's fees;

viii. An award or damages or other monetary relief to the extent there has been commercial manufacture, use, offer to sell, or sales within the U.S. or importation into the U.S. of the Zydus ANDA Product, under 35 U.S.C. § 271(e)(4)(C); and

ix.   Such further and additional relief as this Court deems just and proper.

Dated: April 10, 2026
      Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, NJ 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

Jonathan A. Harris
Benjamin M. Stern
Micah W. Miller
Sara Lonks Wong
**NUTTER, MCCLENNEN & FISH, LLP**
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Jordana A. Garellek
**NUTTER, MCCLENNEN & FISH, LLP**
655 Third Avenue
New York, NY 10017
(646) 440-8000

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited,*
*Bausch Health US, LLC,*
*and Bausch Health Americas, Inc.*